**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TARANPREET SINGH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil A. No. 3:26-1397 |
| | ) | Judge Nora Barry Fischer |
| MICHAEL T. ROSE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER OF COURT**

AND NOW, this 23rd day of September, 2026, upon consideration of Petitioner Taranpreet Singh's Motion to Enforce Order, (Docket No. 10), wherein he argues that the bond hearing held on August 3, 2026 was unfair because he bore the burden of proof at the hearing and the IJ handling his case is allegedly biased against individuals seeking bond based on, among other things, statistics indicating that bond has been denied by the IJ in a higher percentage of cases during the first six months of 2026 than in previous years, the Response in opposition filed by Respondents, (Docket No. 12), wherein they contend that Petitioner has failed to show that the bond hearing was fundamentally unfair under the standards articulated by the U.S. Court of Appeals for the Third Circuit and that his challenges to the denial of bond should be directed to the Board of Immigration Appeals, Petitioner's Reply, (Docket No. 15), wherein he further argues that this Court's decision in *F.B.* supports his position that the burden should have been placed on DHS at the bond hearing and otherwise maintains that release is appropriate, Petitioner's Motion to Expedite Decision on Motion to Enforce, (Docket No. 16), the prevailing standards setting forth the limited nature of this Court's review of bond decisions because federal courts "lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision," and may only "review whether

the bond hearing was fundamentally fair[,]" *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022), and it further appearing to the Court from information on the publicly available EOIR automated case information website that an IJ granted Petitioner voluntary departure on August 14, 2026, and no appeal of such order has been taken to the Board of Immigration Appeals, such that it appears that Petitioner is now subject to an administratively final order for voluntary departure,

IT IS HEREBY ORDERED that Petitioner's Motion to Enforce [10] is DENIED.

In so holding, the Court notes that the Memorandum Order issued on July 24, 2026 did not instruct the IJ to place the burden of proof on Respondents, as he suggests. (Docket No. 7 at 3). Rather, the Court directed that "Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226" within 30 days of the Order. (*Id.*). Courts have consistently denied motions to enforce asserting that the burden was improperly placed on petitioner, absent an Order specifying that the IJ must place the burden on DHS. *See Santoyo v. Oddo et al.*, Civ. A. No. 3:26-cv-1036-CB, Docket No. 16 (W.D. Pa. Jul. 31, 2026) (Bissoon, C.J.) (citing *German Santos*, 965 F.3d 203, 210 (3d Cir. 2020)) ("Although *German Santos* places the burden on the government to prove by clear and convincing evidence that a detainee is either a danger to the community or a flight risk, the holding applies to prolonged mandatory detention cases under Section 1226(c), not to discretionary bond hearings under 1226(a)."); *see id.* (citing *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018) ("In 1226(a) cases such as this, the burden remains on the detainee at all times.").

Further, Petitioner's reliance on statistics showing that the IJ denied bond to individuals at a higher percentage in 2026 than the two previous years and other generalized evidence concerning alleged bias of immigration judges is insufficient to demonstrate that the bond hearing provided to

Petitioner on August 3, 2026 was fundamentally unfair. *See e.g., Doe v. Warden of the Golden State Annex Det. Facility*, No. 1:25-CV-01283-CDB (HC), 2026 WL 2280930, at *5 (E.D. Cal. Aug. 7, 2026) ("Petitioner has not presented any evidence of bias on the part of the IJ in the proceedings herein. Because these arguments do not relate to how the IJ who presided over Petitioner's bond hearing was biased as to Petitioner, but rather purport to indicate generalized trends, the Court declines to address them."). In addition, Petitioner has not provided the transcript or the audio recording of the bond hearing such that the Court cannot fully evaluate his claims that the proceeding was fundamentally unfair under the Third Circuit standards set forth in *Ghanem*, 2022 WL 574624, at *2. *See e.g., Montalvo Jarrin v. Blanche, et al.*, Civ. A. No. 3:26-cv-1089, Docket No. 29 (W.D. Pa. Sept. 18, 2026) (Fischer, J.); *Santoyo v. Oddo*, Civ. A. No. 3:26-cv-1036, Doc. No. 16 (W.D. Pa. Jul. 31, 2026) (Bissoon, C.J.) (denying motion to enforce without prejudice and holding that "the Court cannot meaningfully review the underlying bond proceedings for fundamental fairness on the record as it stands, particularly given that a recording or a written transcript of the hearing was not provided."); *Stanikzai v. McShane*, 3:26-cv-00417, Doc. No. 17 (W.D. Pa. Mar. 23, 2026) (Wiegand, J.) (denying motion to enforce without prejudice where petitioner failed to provide a recording or transcript of the hearing, leaving the court unable to determine whether the hearing was fundamentally fair). Petitioner also had the ability to appeal the denial of bond to the BIA and challenge the weight the IJ placed on the evidence presented at the hearing but has declined to do so. *See Rodriguez v. Bondi*, No. 3:26-CV-285, 2026 WL 1378874, at *2 (W.D. Pa. May 18, 2026) (citing *Ghanem*, 2022 WL 574624, at *2)) ("A motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order.").

Finally, to the extent that Petitioner is subject to a final order of voluntary departure, his claim for bond and/or release from custody under § 1226(a) must be denied, as moot. *See e.g.,*

*Ndong v. Oddo*, No. 3:26-CV-901, 2026 WL 1660100, at *2 (W.D. Pa. June 9, 2026) (Hardy, J.) ("Petitioner is subject to voluntary departure under safeguards and thus falls outside the purview of 8 U.S.C. § 1226(a), and he is therefore neither entitled to a bond hearing nor otherwise releasable pending his voluntary departure in accordance with the immigration judge's Order."); *Shoyimov v. Oddo*, No. 3:26-CV-00848, 2026 WL 1654013, at *1 (W.D. Pa. June 8, 2026) (Bissoon, C.J.) ("Given Petitioner's imminent voluntary departure, there is no longer a remedy that the Court can provide. Therefore, the Petition and any related motions are moot.").

For all of these reasons, Petitioner's Motion to Enforce [10] is DENIED; and,

IT IS FURTHER ORDERED that Petitioner's Motion to Expedite [16] is DENIED, as moot.

BY THE COURT:

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf: counsel of record